IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DIJON CORTEZ ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-167 |
| | ) | |
| CHARLES B. WEBSTER DETENTION CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Plaintiff, currently incarcerated at the Charles B. Webster Detention Center ("Webster DC") in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.  SCREENING OF THE COMPLAINT**

    **A.  Background**

Plaintiff names Webster DC as the sole Defendant in his complaint. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 18, 2016, Plaintiff received a letter from Lisa M. Holland of Superior Court Judge J. David Roper's office. (Doc. no. 1, p. 5.) Upon receipt, Plaintiff found the envelope pre-

opened and a response request referenced in the letter missing. (Id.) Plaintiff also received a letter from the Supreme Court of Georgia on August 16, 2016 and a letter from the Southern Center for Human Rights on September 2, 2016 that were opened and retaped before being delivered to Plaintiff. (Id.) Plaintiff contends these actions violated his legal mail rights. (Id.)

### B. Leave to Amend Complaint.

Here, Plaintiff only alleges legal mail claims against Webster DC. However, Webster DC is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include only persons who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); see also Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Thus, Plaintiff's claims are ripe for dismissal for failure to state a claim upon which relief can be granted.

The Court is hesitant to dismiss Plaintiff's potentially plausible legal mail claims on such a technicality. The Court therefore will give Plaintiff an opportunity to amend his complaint and name defendants capable of being sued. Accordingly, the Court **ORDERS**

Plaintiff to amend his complaint within twenty-one days of the date of this Order.[1]  Should Plaintiff fail to do so, the Court will recommend dismissal of his case.

SO ORDERED this 5th day of December, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.