IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DIJON CORTEZ ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-167 |
| | ) | |
| SHERIFF RICHARD ROUNDTREE, and | ) | |
| CITY OF AUGUSTA, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at the Charles B. Webster Detention Center ("Webster DC") in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. On December 5, 2016, the Court informed Plaintiff his claim was ripe for dismissal because Webster DC was not a defendant capable of being sued, and it ordered him to amend his complaint with twenty-one days with Defendants capable of being sued should he wish to pursue his case. (Doc. no. 8.) On December 9, 2016, Plaintiff filed the amended complaint presently before the Court. (Doc. no. 10.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING OF THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names Sheriff Richard Roundtree and the City of Augusta as Defendants in his amended complaint. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 18, 2016, Plaintiff received a letter from Lisa M. Holland of Superior Court Judge J. David Roper's office. (Doc. no. 10, p. 5.) Upon receipt, Plaintiff found the envelope pre-opened and a response request referenced in the letter missing. (Id.) Plaintiff also received a letter from the Supreme Court of Georgia on August 16, 2016 and a letter from the Southern Center for Human Rights on September 2, 2016 that were opened and retaped before being delivered to Plaintiff. (Id.) Plaintiff contends these actions violated his legal mail rights. (Id.)

   B.   **DISCUSSION**

      1.   **Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Roundtree.

Plaintiff attempts to state a claim against Sheriff Roundtree. However, the Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate

the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff never mentions Sheriff Roundtree in his statement of claim.

Moreover, Plaintiff does not explain how Sheriff Roundtree is responsible for the actions of unnamed prison officials who opened his legal mail. Plaintiff thus fails to state a claim for relief against Sheriff Roundtree. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case allegation of violation of right secured by Constitution by person acting under color of state law); Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir. 2008) (rejecting claim against prison where plaintiff failed to allege decision making officials took specific actions amounting to constitutional violation).

Finally, Plaintiff fails to state a claim against Sheriff Roundtree because he is attempting to hold Mr. Roundtree liable merely because of his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining employer which provided

medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Sheriff Roundtree liable, Plaintiff must demonstrate either (1) Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff fails to mention Sheriff Roundtree in the body of the amended complaint, much less allege he actually participated in the violation. (Doc. no. 10, p. 5.)

Likewise, Plaintiff fails to allege a causal connection between Sheriff Roundtree and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). A "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated

5

occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff fails to draw the necessary causal connection to any alleged constitutional violation. Indeed, Plaintiff's simple mention of Sheriff Roundtree in the caption of his amended complaint falls woefully short of the specificity required to draw the requisite connection to sustain a claim for supervisory liability. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Roundtree.

### 3. Plaintiff Fails to State a Claim Against City of Augusta

Plaintiff also attempts to state a claim against Defendant City of Augusta. However, as noted above, the Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff never mentions Defendant City of Augusta in his statement of claim.

Moreover, Plaintiff fails to state a claim for municipal liability. Under the Supreme Court's decision in Monell v. Dep't of Soc. Serv's, 436 U.S. 658 (1978), a municipality can be subject to § 1983 liability "when execution of a government's policy or custom, whether made

6

by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ." Id. at 694, 98. However, "[a] local government cannot be held liable under § 1983 on a *respondeat superior* theory. Instead, the policy or practice must be the 'moving force of the constitutional violation' at issue." Samples o/b/o Samples v. City of Atlanta, 846 F.2d 1328, 1333 (11th Cir. 1988) (internal citations omitted) (internal quotations omitted).

Here, Plaintiff fails to allege any policy or practice of the City of Augusta leading to the alleged violation of his legal mail rights. He merely states he found several piece of mail relating to his legal proceedings pre-opened and taped back together; nothing in his complaint indicates the City of Augusta or its jail officials have created an official policy of opening legal mail. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant City of Augusta.

### 4. Plaintiff Fails to State a Claim for a Legal Mail Violation.

Even if Plaintiff were able to sue Sheriff Roundtree and the City of Augusta, Plaintiff fails to state a claim for legal mail under either a denial of access to the courts or a First Amendment framework. See generally Al-Amin v. Smith, 511 F.3d 1317 (11th Cir. 2008) (analyzing legal mail violation under both access to courts and free speech).

To state a viable denial of access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Id. at 1332 (quoting Wilson v.

7

Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998); see also Terrell v. Washington, No. CV 308-088, 2009 WL 256002, at *2 (S.D. Ga. Feb. 3, 2009). Here, Plaintiff alleges no facts indicating his Superior Court case or any other legal proceeding has been impeded, only that prison officials have read his mail. (Doc. no. 10, p. 5.) Accordingly, Plaintiff's legal mail claims based on denial of access to the courts fail.

Furthermore, Plaintiff fails to state a legal mail claim based on free speech. In order for an inmate to state a free speech legal mail claim, he must be communicating with his attorney. See Al Amin, 511 F.3d at 1332-34. Here, none of Plaintiff's legal mail was to or from an attorney—rather two were from a court and one was from the Southern Center for Human Rights ("SCHR"). (See doc. 10, p. 5.) Plaintiff has not alleged anyone from SCHR is representing him in his case; therefore, Plaintiff's legal mail claims based on free speech also fail.

### 5. Plaintiff's Motion to Appoint Counsel

Plaintiff has also filed a letter/motion indicating he wishes the Court to appoint him counsel. (Doc. no. 9.) As Plaintiff's claims are ripe for dismissal, his motion to appoint counsel should be **DENIED AS MOOT**.

### III. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted against Defendants. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's Motion to Appoint Counsel (doc. no. 9) be **DENIED AS MOOT**, Plaintiff's complaint be **DISMISSED**

for failure to state a claim, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA